# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>MARKFORGED, INC. and MATIU<br>PARANGI,<br><br>                        Defendants. | Civil Action No. 1:18-cv-10524-WGY |

## JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE

Plaintiff Desktop Metal, Inc. ("Desktop Metal") and Defendants Markforged, Inc. ("Markforged") and Matiu Parangi ("Mr. Parangi") (collectively, "Defendants") submit this Joint Stipulation and Proposed Order Regarding Case Schedule, which identifies deadlines on which the parties were able to agree and discusses deadlines on which the parties could not agree.

A proposed order setting a case schedule is attached to this joint stipulation. The parties hereby stipulate, through their respective counsel, and subject to approval by the Court, that agreed-to deadlines set out therein shall govern this case. The parties' positions concerning disputed deadlines, which are also identified in the proposed order, are set forth below. The parties respectfully request that the Court select from the disputed deadlines in the proposed order to indicate which deadlines will apply.

**I.      Deadlines for Identification of Terms In Need of Construction**

**A.      Plaintiff's Position** *rejected WHY*

The Court should set a single deadline—May 14, 2018—for the parties' simultaneous exchange of patent claim terms they propose should be construed, and a single deadline—May 18,

2018—for the parties' simultaneous exchange of proposed constructions for such terms. This approach will ensure that the parties' claim construction positions are informed by their respective contentions, and thus permit the parties to identify for the Court only those issues which are material to the outcome rather than seeking advisory opinions.

In its preliminary injunction papers, Desktop Metal included claim charts and stated that "[t]he asserted patent claims should be given their ordinary and customary meaning, under which Markforged infringes." ECF No. 13 at 6 n.2. Thus, Markforged already has Desktop Metal's infringement and claim construction positions. Desktop Metal, however, does not know whether Markforged views claim scope differently. Desktop Metal will not learn this until after receiving Markforged's contentions. Markforged has agreed to serve non-infringement contentions on April 27, and invalidity contentions on May 11. After receiving those contentions, Desktop Metal will have information to assess whether there is a disagreement about the ordinary and customary meaning of the claim language and can provide any proposed constructions accordingly.

Desktop Metal proposes that the parties identify claim terms promptly—within 3 days— after Markforged serves its invalidity contentions. The Local Rules also contemplate the exchange of contentions prior to claim construction positions, *see* Local Rule 16.6(a)(1)-(2); Appendix E, Local Rule 16.6 Supplement at 3 (deadline for claim construction exchanges set "after completion of the preliminary [infringement and invalidity] disclosures"), as do this Court's patent schedules, *see, e.g., President and Fellows of Harvard College*, No. 1:16-cv-11249-WGY, ECF No. 75, No. 75-1 at 15 (claim construction deadlines after infringement and invalidity contention deadlines); *Shire*, No. 1:15-cv-13909-WGY, ECF No. 42 at 4 (same); *Zond*, No. 1:14-cv-12438-WGY, ECF No. 60 at 10-11 (same).

2

Desktop Metal is not seeking a "second bite at the claim-construction apple" or trying to "sandbag" or "hide the ball," as Markforged argues. *Infra* at 4-6. To the contrary, Desktop Metal requests a schedule that will enable the Court to assess claim construction disputes only after both the parties and the Court can assess how those disputes relate to the underlying issues of infringement and validity. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (where "the 'ordinary' meaning of a term does not resolve the parties' dispute, … claim construction requires the court to determine what claim scope is appropriate"). Desktop Metal does not know now, and will not know until after receiving Markforged's contentions, whether the parties view claim scope differently in any manner material to the outcome of this case. *See id.* ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

Furthermore, the simultaneous exchange Desktop Metal proposes is the standard approach to claim construction exchanges, *see, e.g., President and Fellows of Harvard College v. Micron Tech., Inc.*, No. 1:16-cv-11249-WGY, ECF No. 75, No. 75-1 at 15 (D. Mass. Apr. 14, 2017); *Shire LLC v. Abhai, LLC*, No. 1:15-cv-13909-WGY, ECF No. 42 at 4 (D. Mass. Feb. 19, 2016); *Zond, LLC v. Fujitsu Semiconductor Ltd.*, No. 1:14-cv-12438-WGY, ECF No. 60 at 11 (D. Mass. Oct. 9, 2014). The Local Rules also contemplate a simultaneous exchange. *See* Appendix E, Local Rule 16.6 Supplement, Sample Special Scheduling Order for Patent Infringement Cases at 3 ("[T]he parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions.").

May 14 and 18 deadlines for simultaneous exchanges of claim terms and constructions, respectively, will permit the parties to consider each other's contentions and focus on any claim

construction disputes that may require resolution.  Desktop Metal respectfully requests that the Court select those dates in the attached proposed order.

**B.    Defendants' Position** — *adopted WHY*

Plaintiff requested a preliminary injunction and an expedited trial.  To meet that requested schedule, an efficient and expedient approach to claim construction is necessary.  It also should not be difficult.  Desktop Metal presumably knows what it thinks its own patent claims mean; it has been developing its position on this case since November 2017, when the first patent-in-suit issued.  Desktop Metal should promptly disclose its position on that issue.

Defendants request that, by April 20, 2018, Plaintiff identify any claim term that Plaintiff would define other than with a simple dictionary definition.  In the interim, Markforged will continue to evaluate the patents, the infringement contentions, and the prior art.  Markforged has only just retained litigation counsel, but is prepared to disclose its claim construction positions, if any, by April 30.

Under Defendants' approach, the parties will disclose their claim construction positions for trial relatively early in the case, allowing discovery to proceed on the basis of such positions and avoiding the potential need for wasteful or duplicative discovery due to shifting claim constructions.  Defendants' proposed approach is consistent with the approach this Court ordered in another patent case in which the plaintiff moved for a preliminary injunction.  *See Hologic, Inc. v. IZI Medical Products, LLC*, No. 11-cv-106 19-WGY, ECF No. 41 at 12:20-14:1 (ordering that plaintiff's claim construction be submitted before defendant's claim construction and that both be submitted relatively early in the case schedule).

Plaintiff's request for a second bite at the claim-construction apple near the end of fact discovery would inhibit the "just, speedy, and inexpensive determination of" this action.  *See* Fed.

4

R. Civ. P. 1. Although Plaintiff states that "Markforged already has [Plaintiff's] . . . claim construction positions," *supra* at 2, Plaintiff asks that it be permitted to revise its claim construction positions for strategic advantage late in the case, after obtaining Markforged's non-infringement contentions, invalidity contentions, and the fruits of almost the entire fact discovery period. However, this approach is inefficient because: (1) Plaintiff's approach would require Markforged to formulate discovery positions and responses without knowing the scope of the allegedly-infringed claims, likely requiring Markforged to revise its positions and responses after Plaintiff finally reveals its accusations near the end of fact discovery. This Court should not permit sandbagging; Plaintiff should make its accusations clear at the outset; and (2) Plaintiff's approach would require Markforged to scramble in the final week of fact discovery to obtain discovery in light of Plaintiff's revised claim construction positions. New claim construction positions at the last minute would force Markforged to obtain, at or after the last minute, new evidence of prior art that meets these new proposed claim constructions.

The authority Plaintiff cites regarding the schedule for claim construction disclosures does not support its position; such authority was not in the context of a case involving a preliminary injunction and a shortened case schedule under Fed. R. Civ. P. 65.[1] The schedule here necessitates

---

[1] *See President and Fellows of Harvard College*, No. 1:16-cv-11249-WGY, ECF No. 75-1 at 17 (permitting various amendments and supplements to infringement and invalidity disclosures after claim construction disclosures, in a case with no preliminary injunction motion or expedited schedule); *Shire*, No. 1:15-cv-13909-WGY, ECF No. 42 at 4-5 (same); *Zond*, No. 1:14-cv-12438-WGY, ECF No. 60 at 11 (same). Moreover, the Local Rule 16.6 Supplement ("Sample Special Scheduling Order for Patent Infringement Cases") sets forth a non-mandatory claim construction procedure that should not apply here for several reasons. First, the sample schedule sets forth a claim construction process that takes roughly 200 days; such a lengthy process cannot apply in this case because the entire case schedule is shorter than 200 days. Second, the process set forth in the sample schedule is meant to facilitate the resolution of claim construction via a Markman hearing, but the parties here have not included a Markman hearing in their proposed schedule. *See* Local Rule 16.6 Supplement at 3-4. Finally, to achieve the aim of the sample scheduling order, "to aid and assist counsel in scheduling and planning the preparation

a more efficient approach to claim construction disclosures. *See* Local Rule 16.6(b) ("The scheduling conference in cases raising issues of patent infringement should result in a ***special tailored*** scheduling order." (emphasis added)).

Plaintiff was required to ensure that it was asserting claim construction positions that it deemed appropriate in its complaint and preliminary injunction motion. *See* Plaintiff's Mem. In Support Of Its Mot. For Preliminary Injunction at 6 n. 2 ("The asserted patent claims should be given their ordinary and customary meaning. . . ."); *cf. Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012) (holding that proposed claim constructions are subject to Rule 11 standards). There is no principled reason for giving Plaintiff to be permitted to revise its claim construction positions near the end of fact discovery, and the schedule in this case does not leave time for Plaintiff to hide the ball. Plaintiff should be required to disclose its claim construction positions for trial at the outset of the case, according to the schedule proposed by Defendants, and in keeping with the Court's precedent in other patent cases where a preliminary injunction was requested.

Markforged's schedule does not seek an advisory opinion on claim construction; it is designed to avoid gamesmanship in identifying any material controversy between the parties on the meaning of the claim terms. Plaintiff previously represented to this Court that all terms in the patent should receive their "ordinary and customary meaning". (Plaintiffs' Mem. In Support of Its Mot. For Preliminary Injunction at 6 n. 2). Plaintiff should stick to that position, or disclose any deviation from that position now, rather than treating its current position as an "advisory" contention which it will later revise. Markforged will in turn only raise claim construction issues

---

and presentation of cases, thereby insuring the effective, speedy and fair disposition of cases, either by settlement or trial," *id.* at 1, a simpler, more efficient approach to asserting claim construction positions is needed in light of the relatively short schedule in this case.

where a material dispute exists, and will further work expeditiously to resolve any disputes between the parties on claim scope. This is the most direct way to determine if a claim construction dispute goes to the heart of this case and controversy. Putting off a disclosure of claim construction positions until late in the case, and allowing plaintiffs to "do over" their existing position on dictionary definitions late in the case, is not consistent with promptly disclosing positions and identifying any material disputes at an early stage. And in any event, Plaintiff's purported concerns with "advisory" positions is no reason Plaintiff cannot disclose its own positions to Markforged now, and stick to those positions in this accelerated case.

## II.   Deadlines for Close of Fact Discovery

### A.   Plaintiff's Position   *adopted WAY*

The Court should set the close of fact discovery for May 25, 2018, which is before expert discovery. This approach is consistent with the Local Rules' template schedule for patent cases. *See* Appendix E, Local Rule 16.6 Supplement, at 4 ("Ordinarily, expert discovery, including expert reports and depositions, shall be scheduled to occur after the close of fact discovery."). It is also a routine approach in patent cases, *see, e.g., President and Fellows of Harvard College*, No. 1:16-cv-11249-WGY, No. 75-1 at 15-16; *2L, Inc.*, No. 1:16-cv-12020-WGY, ECF No. 35 at 7; *Shire*, No. 1:15-cv-13909-WGY, ECF No. 42 at 5; *Zond, LLC*, No. 1:14-cv-12438-WGY, ECF No. 60 at 11-12, for good reason. By closing fact discovery before expert discovery, the Court ensures that expert reports can account for a complete factual record, and the Court guards against requests to supplement those reports.

Defendants' proposed deadline for the close of fact discovery, June 8, is ten days after the agreed-to deadline for opening expert reports (May 29), which all but guarantees that the reports will become a moving target due to supplementation. Additionally, the parties may not have a

complete picture of the facts prior to the pretrial conference in "early June." ECF No. 31 at 16:13-15.

Furthermore, the Court should reject Defendants' reasons for seeking to disrupt the usual sequencing of fact and expert discovery. Defendants' conclusory assertions that they need "under two months" for discovery, including third-party discovery, do not justify the disruption they seek. While Desktop Metal brought its claims promptly after Markforged disclosed the operation of its Metal X system in January and February this year, Defendants rely on as-yet unpled retaliatory counterclaims they could have filed years ago. Defendants do not dispute that the discovery they identify (e.g., prior art) is likely to bear on expert reports, leading to rounds of supplementation if their proposal is adopted.

The single schedule Defendants cite to support their proposal did not even address expert discovery; in fact, it involved a request for a separate conference to address "the use of and discovery schedule for trial experts." *Larry Philpot v. Teri Kinder, et. al.*, 17-cv-11991 (WGY), ECF No. 28 at 6 (D. Mass. Nov. 28, 2017). If the Court nevertheless decides to adopt Defendants' proposal, Desktop Metal respectfully requests that the Court impose a "Friday, May 11" deadline for substantial completion of document productions, to ensure that the production of documents is not deferred to close to the end of fact discovery

For these reasons, Desktop Metal respectfully requests that the Court select "Friday, May 25" as the close of fact discovery and reject Defendants' proposed June 8th deadline for the close of fact discovery.

**B.    Defendants' Position**    *rejected*

Defendants' requests for a June 8, 2018 fact discovery deadline is reasonable and for good cause. Plaintiff filed its Complaint on March 19, 2018 and waited to seek a preliminary injunction

until April 6, 2018—five months after the date its '118 patent issued in November 2017. Plaintiff has received the benefit of those five months to prepare its case. Defendants, on the other hand, require time to develop their defenses and counterclaims. For example, there are a number of third parties located internationally and across the United States with information critical to establishing the invalidity of Plaintiff's patent on the basis of prior art, as well as the nine inventors listed on Plaintiff's patent. Additionally, Defendant Markforged has several counterclaims against Plaintiff, and the discovery warranted by this case will be fact intensive. Defendants' request for under two months to issue third party subpoenas, conduct forensic discovery relating to the purported "trade secrets," and depose various third party entities and individuals, is both necessary and reasonable. Moreover, Defendants' position that the Court set May 11, 2018 as the deadline for substantial completion of document production will promote efficiency and order in the discovery process.

Finally, Plaintiff's contention that fact and expert discovery is typically bifurcated is irrelevant under the expedited schedule in this case. Overlapping fact and expert discovery is not only permissible, but necessary to avoid prejudicing Defendants. This Court has previously entered Rule 16.1 Orders providing a single date for all discovery deadlines and dispositive motions in matters with similar tracks. *See, e.g., Larry Philpot v. Teri Kinder, et. al.*, 17-cv-11991 (WGY), Dkt. No. 28 at 1 (dispositive motions deadline set for same day as close of all discovery).