UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC., | ) |
| *Plaintiff and Counterclaim Defendant,* | ) C.A. No. 1:18-cv-10524-WGY |
| v. | ) |
| MARKFORGED, INC. and MATIU PARANGI, | ) |
| *Defendants and Counterclaim Plaintiff (Markforged, Inc.)* | ) Oral Argument Requested |
| v. | ) |
| RICARDO FULOP, JONAH MYERBERG, BOSTON IMPACT LLC, and AMY BUNTEL, | ) |
| *Third-Party Defendants.* | ) |

**THIRD-PARTY DEFENDANT RICARDO FULOP'S OPPOSITION TO DEFENDANT MARKFORGED, INC.'S MOTION TO COMPEL THE THIRD-PARTY DEFENDANTS TO COMPLY WITH ITS DISCOVERY REQUESTS**

The Court should deny Defendant Markforged, Inc.'s motion to compel discovery from third-party defendants such as Ricardo Fulop for at least three reasons. Dkt. No. 89. First, Markforged's discovery requests were delivered prematurely and no responses are due yet under Rule 26(d)(2) of the Federal Rules of Civil Procedure. Second, Markforged's motion ignores the Court's express statement that third-party defendants such as Mr. Fulop are not subject to the expedited schedule. And third, Markforged is using discovery from Mr. Fulop to fish for evidence to support its baseless counterclaims.

Markforged's discovery requests were delivered prematurely, and the time for Mr. Fulop to respond has not even started—let alone are his responses past due. Markforged filed claims

against Mr. Fulop on April 20, served the summons on Mr. Fulop on April 23, and the next day delivered its First Set of Requests for Production of Documents to Mr. Fulop's counsel.  Dkt. Nos. 39, 45, 49; *see* Dkt. No. 89 (stating that "Markforged issued requests for production of documents to the Third-Party Defendants Ricardo Fulop, Jonah Myerberg, Boston Impact LLC and Amy Buntel on April 24, 2018").[1]  Importantly, however, no Rule 26(f) conference has taken place.  Rule 26(d)(1) and (2) provide as follows:

> **(d) Timing and Sequence of Discovery.**
>
> > **(1)** *Timing*. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
> >
> > **(2)** *Early Rule 34 Requests*.
> >
> > > **(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:
> > >
> > > (i) to that party by any other party, and
> > >
> > > (ii) by that party to any plaintiff or to any other party that has been served.
> > >
> > > **(B) When Considered Served.** The request is considered to have been served at the first Rule 26(f) conference.

Fed. R. Civ. P. 26(d)(1), (2) (emphasis in original).  Markforged issued its requests to third parties prematurely under subsection (d)(1) because no Rule 26(f) conference had occurred.  The requests were premature under subsection (d)(2)(A) because Markforged issued the requests a mere one day after serving its third-party claims, which is far less than the required 21 days.  And, in any

---

[1] On April 24, 2018, Markforged served 65 document requests on Mr. Fulop, 65 documents requests on Mr. Myerberg, 23 document requests on Ms. Buntel, and 34 document requests on Boston Impact LLC.  These document requests are attached as exhibits A to D to the Declaration of Nathanial McPherson, which accompanies this opposition.

event, such requests would not be considered served under subsection (d)(2)(B) because a Rule 26(f) conference has not occurred yet. The Court, therefore, should deny Markforged's motion.[2]

Markforged's motion relies entirely on the *incorrect* premise that third-party defendants like Mr. Fulop are subject to the expedited schedule entered on April 19—before Markforged even filed claims against Mr. Fulop. *Compare* Dkt. No. 38 *with* Dkt. No. 45. The Court explained recently at the Hearing on Motion to Bifurcate that these third-party defendants are not—or at least not yet—subject to the expedited schedule. *See* Hr'g Tr. 7:12–8:13 (May 3, 2018) ("[Mr. Fulop is] a new party. He wasn't here the first time. He's new. … And [Markforged] pleaded it this way. So I haven't got the leverage as to Mr. Fulop that I had with respect to the original parties."); *see also id.* at 6:12–15 ("[M]y lever for putting these parties to the extremely expedited schedule that I've ordered was Rule 65(a)(1), that doesn't apply to [the third-party defendants]."). Thus Mr. Fulop is not currently, nor was he when Markforged issued its discovery requests, subject to the expedited schedule.

Markforged's motion appears to be an improper attempt to fish for evidence that Markforged hopes will support counterclaims that the Court already observed are "wholly inadequate and opens them to a motion to dismiss." *See* Hr'g Tr. 15:18–24 (May 3, 2018).[3] Thus

---

[2] Markforged's representation that "counsel for Desktop Metal and Ric Fulop … stated that Fulop also would not comply" with discovery is incorrect. *See* Mem. at 2–3 (emphasis in original). As Exhibit C to Markforged's Memorandum shows, Mr. Fulop's counsel stated that "Mr. Fulop will provide objections and responses if and when required by the Federal Rules of Civil Procedure or any other applicable rule or Court order." Dkt. No. 90-3 at 2.

[3] The majority of Markforged's document requests to Mr. Fulop seek "*all*" documents and/or communications related to extremely broad categories of information. *See, e.g.*, McPherson Decl. Ex. A at Request No. 5 (requesting all documents and communication related to "early stage or seed money and/or any fundraising or financing"), No. 7 (requesting all documents relating to "Desktop Metal's formation"); No. 13 (requesting all documents and communications relating to "Markforged or its business"); No. 15 (requesting "[a]ll Your calendars, calendar entries, appointments, meeting makers, or itineraries") No. 16 (all documents and communications regarding "potential employment, independent contractor, founder, investor or consulting

Markforged's motion should be dismissed for the additional reason that Markforged cannot use broad and onerous discovery as a fishing expedition to scour Mr. Fulop's files for some unknown evidence to support counterclaims that are otherwise susceptible to a motion to dismiss. *See Robert Reiser & Co. v. Scriven*, 130 F. Supp. 3d 488, 494 (D. Mass. 2015) (granting a motion to dismiss an intentional misrepresentation claim for failure to state a claim, and precluding "the use of a groundless fraud claim as a pretext to using discovery as a fishing expedition" to support that claim); *E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, Inc.*, 357 F.3d 1, 9 (1st Cir. 2004) (finding no claim under the Sherman Act because "it is not enough merely to allege a violation in conclusory terms, [] the complaint must make out the rudiments of a valid claim, and [] discovery is not for fishing expeditions").

*   *   *

Respectfully, the Court should deny Markforged's motion.  The discovery requests were delivered prematurely, no responses are due yet, third-party defendants such as Mr. Fulop were (and currently are) not subject to the expedited schedule, and Markforged's fishing expedition should not be tolerated.

---

positions or roles with Desktop Metal" for 15 founders or employees at Desktop Metal; No. 25 ("[a]ll documents and communications containing or relating to Markforged Confidential Information"); No. 34 (all documents and communications relating to "Your position as a Director on Markforged's Board of Director [*sic*]"); No. 52 (all documents and communications relating to "Your statements to investors or potential investors regarding Desktop Metal's target market segment"). Markforged's document requests to Mr. Myerberg, Ms. Buntel and Boston Impact are similarly broad and expansive. *See* McPherson Decl. Exs. B to D.

Dated:  May 11, 2018

Respectfully submitted,

*/s/ William J. Trach*
Charles H. Sanders, Bar No. 646740
William J. Trach, Bar No. 661401
Christopher Henry, Bar No. 676033
Nathanial J. McPherson, Bar No. 697666
LATHAM & WATKINS LLP
200 Clarendon Street, Floor 27
Boston, MA  02116
T: (617) 948-6000; F: (617) 948-6001
charles.sanders@lw.com
william.trach@lw.com
christopher.henry@lw.com
nathaniel.mcpherson@lw.com

Adam M. Greenfield (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
T: (202) 637-2200; F: (202) 637-2201
adam.greenfield@lw.com

Elizabeth R. Marks (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
T: (212) 906-1200; F: (212) 751-4864
betsy.marks@lw.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT RICARDO FULOP

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon attorneys of record by e-mail on May 11, 2018.

                                             */s/ William J. Trach*

                                             William J. Trach, Bar No. 661401
                                             Latham and Watkins, LLP