# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC., )<br>)<br>*Plaintiff and Counterclaim* )<br>*Defendant,* )<br>)<br>v. )<br>)<br>MARKFORGED, INC. and MATIU PARANGI, )<br>)<br>*Defendants and Counterclaim* )<br>*Plaintiff (Markforged, Inc.),* )<br>)<br>v. )<br>)<br>RICARDO FULOP, JONAH MYERBERG, )<br>BOSTON IMPACT LLC, and AMY BUNTEL, )<br>)<br>*Third-Party Defendants.* )<br>) | No. 1:18-cv-10524-WGY |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT DESKTOP METAL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE MARKFORGED, INC.'S TRADE SECRET DISCLOSURES UNDER RULE 12(F)**

Pursuant to Federal Rule of Civil Procedure 12(f) and this Court's Orders at the hearings on April 12 and May 3, 2018, Plaintiff and Counterclaim Defendant Desktop Metal, Inc. ("Desktop Metal") submits this memorandum in support of its Motion to Strike Defendant and Counterclaim Plaintiff Markforged Inc.'s ("Markforged") initial Statement of Identification of Trade Secrets dated April 25, 2018 ("Initial Disclosure") and its First Supplemental Statement of Identification of Trade Secrets dated May 9, 2018 ("Supplemental Disclosure") with prejudice.

I.  **PRELIMINARY STATEMENT**

On April 12, 2018, this Court ordered Markforged, to the extent it alleged trade secret misappropriation, to file a pleading identifying the trade secrets it alleges were misappropriated "to the level of exquisite detail of a patent claim." Trach Decl. Ex. A at 11-12 ("4/12/18 Hearing Tr."). On April 25, 2018, Markforged filed a trade secrets disclosure that clearly failed to comply with the Court's Order; it simply contained a laundry list of "categories of information to which [Markforged] claims trade secret protection," but did not even attempt, as the Court ordered, to identify the actual trade secrets Desktop Metal allegedly misappropriated as alleged in Markforged's Counterclaims and Third-Party Complaint, based on Markforged's required pre-suit investigation. *See* Markforged's Initial Disclosure. On May 3, 2018, the Court put Markforged on notice that its Initial Disclosure was "woefully inadequate" to comply with the Court's Order and that, as a result, Markforged's counterclaims "are now very vulnerable to a prompt motion to dismiss." Trach Decl. Ex. B at 8-9 ("5/3/18 Hearing Tr."). On May 9, 2018, Marforged filed a pleading purporting to supplement its Initial Disclosure. *See* Markforged's Supplemental Disclosure. Incredibly, the Supplemental Disclosure continues to flout the Court's Order: it simply adds more words to the same broad categories of information over which Markforged contends it asserts trade secret protection, but still fails to identify the actual trade secrets Desktop Metal allegedly misappropriated as alleged in Markforged's Counterclaims and

Third-Party Complaint, based on Markforged's required pre-suit investigation. The reason the Supplemental Disclosure continues to fail to comply with this Court's Order – that Markforged identify the actual trade secrets it alleges were misappropriated – is clear: Markforged's counsel admitted in open court that without access to inspect Desktop Metal's printer, Markforged has **no basis** to determine if it was developed using any of Markforged's trade secrets. *See* 5/3/18 Hearing Tr. at 13. Accordingly, the Court should strike Markforged's Initial and Supplemental Disclosures for failure to comply with the Court's Order.

## II.   LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under this rule is "governed by the same standards as a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)" and thus should be granted "if the pleadings fail to support a plausible entitlement to relief." *E.g.*, *Bryan Corp. v. Chemwerth, Inc.*, 122013 WL 6489785, at *1 (D. Mass. Dec. 9, 2013) (internal quotations and citations omitted). Under Rule 12(b)(6), a complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 662 (citation omitted). Thus, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III.  ARGUMENT

This Court should strike with prejudice Markforged's Initial and Supplemental

2

Disclosures pursuant to Rule 12(f) as they fail to "lay[] out as to metes and bounds with the exquisite detail of a patent claim the trade secret or trade secrets" alleged to have been misappropriated. 5/3/18 Hearing Tr. at 9. The Supplemental Disclosure violates the Court's Order, and does not suffice under the case law:

> This disclosure came nowhere near the required reasonable particularity . . . . The vastness of [plaintiff]'s disclosure was most unfair, for it placed defendants in the untenable position of having to prove that hundreds of subparts of the design schematic—and innumerable other strategies and concepts arguably "reflected" therein, as [plaintiff] put it—either did not qualify as trade secret information or were not used in defendants' technology.

*Waymo LLC v. Uber Techs., Inc.*, 2017 WL 5000352, at *8 (N.D. Cal. Nov. 2, 2017); *see also Staffbridge, Inc. v. Gary D. Nelson Assocs., Inc.*, 2004 WL 1429935 (Mass. Super. June 11, 2004) (trade secret disclosure insufficient on summary judgment where it failed to appraise defendant of which trade secrets had been misappropriated); *Blake v. Prof'l Coin Grading Serv.*, 898 F. Supp. 2d 365 (D. Mass. 2012) (trade secret disclosure of a software system insufficient at motion to dismiss where it failed to allege which portion of the software was not available to the public); *Palomar Med. Techs., Inc. v. Candela Corp.*, 2011 WL 1576580, at *4 (D. Mass. Apr. 26, 2011) (granting motion to strike expert opinion that was "without factual foundation"). The burden is on Markforged to prove its trade secrets claims. The burden should not be on Desktop Metal to take Markforged's laundry list of 72 items over which it claims protection, and determine what of those trade secrets it will be accused at trial of having misappropriated.

  Namely, Markforged's Supplemental Disclosure does not do what this Court ordered and what the case law requires—it is *not* a disclosure identifying (i) what specific trade secrets Desktop Metal and the Third-Party Defendants allegedly misappropriated; (ii) what confidential information Ric Fulop, Jonah Myerberg, and Boston Impact were exposed to, when, and how; (iii) which trade secrets were actually misappropriated by which of the Third-Party Defendants

3

for Desktop Metal's benefit; and/or (iv) which trade secrets actually have been used in connection with Desktop Metal's 3D printer.  As the Court said in the May 3, 2018 Hearing, without identifying the actual trade secrets that Markforged has a good faith basis for alleging Desktop Metal misappropriated it is impossible to defend against a claim of trade secret misappropriation.  5/3/18 Hearing Tr. at 9 ([Markforged's Disclosure] "doesn't tell me the secret sauce, it just lists a technique for this, a technique for that, a technique for something else, and, um, 'We do this specially.'  No one can defend against that.").

Moreover, the Supplemental Disclosure, just like the Initial Disclosure, makes no attempt to distinguish protectable trade secrets from non-protectable information.  Many aspects of Markforged's products were public knowledge at the relevant time, and even though Desktop Metal explicitly pointed this out to Markforged in its prior pleadings, Markforged shockingly did not remove the publicly available information from its Supplemental Disclosure.  For example, Markforged again claims that its channel resellers and customer identities are protected trade secrets, yet some of this so-called confidential information is already in the public domain and has been since 2015.[1]  Even more astounding, Markforged identifies information related to "power consumption" as a protected trade secret, yet aspects of this "trade secret" are displayed

---

[1] *Compare, e.g.,* Supplemental Disclosure No. 61 (claiming Markforged's channel resellers as protected trade secrets), *with* T.E. Halterman, *3HTi Signs Deal with MarkForged to Sell the Mark One 3D Printer* (Feb. 19, 2015), https://3dprint.com/45660/3hti-markforged-partnership/ (last visited Apr. 30, 2018); *NovaCopy named flagship reseller for Markforged Mark One 3D printer* (Feb. 12, 2015), https://www.tctmagazine.com/3d-printing-news/novacopy-named-flagship-reseller-formarkforged-3d-printer/ (last visited Apr. 30, 2018); *compare* Supplemental Disclosure No. 58-A (claiming Markforged's customer identities as protected trade secrets), *with EVCO Plastics Adds Advanced 3D Carbon Fiber Printer to Innovation Center. New technology from MarkForged prints composite parts as strong as metal* (Nov. 17, 2014), https://www.evcoplastics.com/latest-news/evco-plastics-adds-advanced-3d-carbon-fiber-printer (last visited Apr. 30, 2018).

on its very own website.[2]  Further, as in Markforged's Initial Disclosure, its Supplemental Disclosure claims that essentially *all* of its customers and vendors are protected trade secrets that Desktop Metal apparently misappropriated or interfered with, falling well short of the Court's Order and making it nearly impossible for Desktop Metal to defend itself against such a far-reaching allegation.  *See* Supplemental Disclosure Ex. A & B.

In sum, Markforged has failed to comply with the basic requirements of this Court's Orders and the case law to identify the actual trade secrets that, based on its obligatory pre-suit investigation, it alleges Desktop Metal actually misappropriated.  It does so because it has no ability to identify those trade secrets, because it does not know whether any such misappropriation occurred.  Filing a laundry list of any and all trade secrets that Markforged purports to have does not comply with the Court's Order or applicable case law, does not put Desktop Metal on notice of the actual trade secrets at issue in the case, and does not permit Desktop Metal to defend against the baseless allegations.  In that regard, it is akin to no disclosure at all.  The Initial and Supplemental Disclosures should be struck as a result.

## IV.   CONCLUSION

For the reasons stated above, Desktop Metal respectfully requests that the Court narrow the issues in the case to those that have a reasonable factual basis by striking Markforged's Initial and Supplemental Disclosures with prejudice.

---

[2] *Compare*, Supplemental Disclosure No. 52 (claiming power consumption components as protected trade secret), *with Markforged Q&A:  Power Consumption* (May 19, 2017) https://support.markforged.com/hc/en-us/articles/207304750-Power-Consumption (last visited May 10, 2018).

Dated: May 11, 2018

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *William J. Trach*
William Trach (Bar No. 661401)
Charles H. Sanders (Bar No. 646740)
Christopher Henry (Bar No. 676033)
Nathanial J. McPherson (Bar No. 697666)
LATHAM & WATKINS LLP
200 Clarendon Street, Floor 27
Boston, MA 02116
T: (617) 948-6000; F: (617) 948-6001
charles.sanders@lw.com
william.trach@lw.com
christopher.henry@lw.com
nathanial.mcpherson@lw.com

Adam M. Greenfield (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
T: (202) 637-2200; F: (202) 637-2201
adam.greenfield@lw.com

ATTORNEYS FOR PLAINTIFF
AND COUNTERCLAIM DEFENDANT
DESKTOP METAL, INC.

## CERTIFICATE OF SERVICE

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 11, 2018.

/s/ *William J. Trach*
William J. Trach

ATTORNEY FOR PLAINTIFF
AND COUNTERCLAIM DEFENDANT
DESKTOP METAL, INC.