# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC., <br><br>*Plaintiff and Counterclaim Defendant*, <br><br>v. <br><br>MARKFORGED, INC. AND MATIU PARANGI, <br><br>*Defendants and Counterclaim Plaintiff (Markforged, Inc.)*, <br><br>v. <br><br>RICARDO FULOP, JONAH MYERBERG, BOSTON IMPACT LLC, and AMY BUNTEL, <br><br>*Third-Party Defendants.* | **Civil Action No. 1:18-CV-10524-WGY** <br><br><br>**ORAL ARGUMENT REQUESTED** |

**MARKFORGED, INC.'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO COMPEL THE THIRD-PARTY DEFENDANTS TO COMPLY WITH ITS DISCOVERY REQUESTS**

Defendant and Counterclaim Plaintiff Markforged, Inc. ("Markforged") hereby renews its motion to compel the Third-Party Defendants to comply with its discovery requests—which were served on April 24, 2018. (Dkt. Nos. 89, 109). To the extent the Third-Party Defendants continue to maintain that Markforged's requests are untimely, Markforged respectfully requests that the Court set June 13, 2018 as the Rule 16 Conference with respect to the Third-Party Defendants.

This Motion to Compel is renewed because the Third-Party Defendants continue to refuse to comply with Markforged's Requests for Production of Documents on a timely basis (the "Requests," attached hereto as Exhibit A–C). They have also refused to comply with Markforged's Subpoenas *Duces Tecum* (the "Subpoenas"). (Dkt. No. 149). As the Court is aware, Third-Party Defendants are Desktop Metal's co-founders and key executives and shareholders, Ric Fulop and Jonah Myerberg, as well as a key employee, Amy Buntel. Indeed, Fulop and Myerberg are Desktop Metal's CEO and CTO, respectively—they call the shots when it comes to running their company and to filing this lawsuit against Markforged. Their interests and actions completely align with Desktop Metal's. Indeed, at the initial hearing on April 12, 2018—when Markforged previewed its counterclaims—it was Desktop Metal's counsel who requested an expedited trial date in May 2018. (*See* Exhibit D, Hrg. Tr. at 5:23-6:2 (Apr. 12, 2018)). Fulop is represented by that same counsel—Latham & Watkins LLP.

Additionally, as detailed in Markforged's Motion to Synchronize the Discovery and Trial Schedule (Dkt. No. 79), Markforged's counterclaims against Desktop Metal and its third-party claims against Fulop, Myerberg, Myerberg's company Boston Impact LLC, and Amy Buntel are one and the same: they arise out of the same nucleus of facts, involve the same evidence, and require the same witnesses. The Third-Party Defendants will be called as witnesses at trial. And they have been deposed in this litigation. Their bad acts will be considered by the jury as part of Markforged's counterclaims and affirmative defenses against Desktop Metal. Their attempts to delay discovery in order to silo that portion of the case and leave Markforged unable to fully defend itself at trial should not be allowed.

On April 24, 2018, Markforged issued its Requests to the Third-Party Defendants, requesting any response and production by May 8, 2018. On the day of the deadline, counsel for

the Third-Party Defendants informed Markforged that the Third-Party Defendants would not respond to the Requests because they "are not subject to the expedited schedule in this matter" and Markforged's request is "inappropriate, and Markforged's service of these Requests is premature." (*See* Exhibits E–F). No alternative date for compliance or production was provided. Despite knowing that fact discovery closed on May 25, 2018, (Dkt. No. 38), and that each of their depositions already had been noticed in advance of that date, the Third-Party Defendants' positions was that they would be producing documents well after the close of fact discovery and after their own depositions were completed. And despite Markforged now having taken each of their depositions, the Third-Party Defendants have yet to respond to the discovery requests.

In fact, the Third-Party Defendants have taken contrary positions on their discovery obligations. Specifically, the Third-Party Defendants have taken the untenable and completely contrary positions that on the one hand, they are not parties subject to the expedited discovery and trial schedule in this litigation (and therefore have refused to respond to Markforged's Requests), and on the other hand, that they *are* parties not subject to Fed. R. Civ. P. 45 (and therefore have refused to respond to Markforged's Subpoenas as well). The Third-Party Defendants cannot have it both ways. They are either parties to the original litigation subject to the expedited discovery schedule, or they are not.

Certainly, the Third-Party Defendants have actively participated in discovery here. Indeed, Mr. Fulop has improperly used his position in this litigation both as a sword and as a shield. Mr. Fulop has apparently cherry-picked and produced only 54 documents (bearing Bates range FULOP_00000001-313)—without any response to Markforged's Requests or Subpoena served upon him. To the extent Mr. Fulop has additional responsive documents, he should be compelled to produce them. To the extent those 54 documents are the only responsive

documents Mr. Fulop has in his possession, custody or control, he should be compelled to say so. Additionally, Mr. Fulop's counsel has attended every single deposition to date (totaling 19) in this matter. Similarly, counsel for Third-Party Defendants Myerberg, Buntel and Boston Impact similarly have fully participated in the expedited discovery schedule set by this Court, attending 17 depositions in this matter, and presumably having reviewed the extensive document discovery that Markforged has produced. Therefore, Markforged will be put in a material disadvantage at trial, with Third-Party Defendants having had considerable pre-trial discovery, and Markforged having none.

Desktop Metal's attempts, through the Third-Party Defendants, to gain an expedited trial only for *its* claims—while pushing off Markforged's claims to a later date—should not be allowed. This is precisely the type of gamesmanship that this Court already cautioned against: "I'm not going to let anyone drag their feet. And if there's any foot-dragging or obstructionism, I can issue preclusion orders that will wipe that out of the case." (*See* <u>Exhibit G</u>, Hrg. Tr. at 11:19-22 (May 3, 2018)). These Third-Party Defendants know the unlawful activities in which they engaged, and those unlawful acts form the basis of Markforged's counterclaims and affirmative defenses. The same discovery will be taken here as would be in the Third-Party litigation. Moreover, Fulop and Myerberg had knowledge of their own unclean hands and bad acts underlying and arising out of Desktop Metal's claims and should not be allowed to shield themselves and the company they co-founded by refusing to produce their personal documents or responding to discovery requests in advance of the trial. Such personal documents, including emails and text messages, are especially important where, as here, many of the unlawful actions at issue occurred by and through Fulop and Myerberg in advance of Desktop Metal's incorporation on August 25, 2015. This delay should not be allowed by the Court.

**CONCLUSION**

Markforged should not be prejudiced by the Third-Party Defendants' delay.  It should be provided full discovery on its claims.  For all the foregoing reasons, Markforged respectfully requests that its Motion be granted, and that the Third-Party Defendants be ordered to complete production of documents responsive to Markforged's Requests.  To the extent the Third-Party Defendants continue to maintain that Markforged's Requests are untimely, Markforged respectfully requests that the Court set June 13, 2018 as the Rule 16 Conference with respect to the Third-Party Defendants.

*Respectfully submitted*,

|  |  |
|---|---|
| Dated: June 8, 2018 | /s/ *Harvey J. Wolkoff*<br>Harvey J. Wolkoff (BBO# 532880)<br>Aliki Sofis (BBO# 675777)<br>Patrick D. Curran (BBO# 568701)<br>Kaitlyn M. O'Connor (BBO# 687527)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, MA 02199<br>Tel: (617) 712-7100<br>harveywolkoff@quinnemanuel.com<br>patrickcurran@quinnemanuel.com<br>alikisofis@quinnemanuel.com<br>kaitoconnor@quinnemanuel.com<br><br>Steven Cherny (*pro hac vice*)<br>James Baker (*pro hac vice*)<br>Elinor Sutton (*pro hac vice*)<br>Jeremy Baldoni (*pro hac vice*)<br>Brendan Carroll (*pro hac vice*)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>stevencherny@quinnemanuel.com<br>jamesbaker@quinnemanuel.com<br>elinorsutton@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br>brendancarroll@quinnemanuel.com<br><br>*Attorneys for Markforged, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record on June 8, 2018.

/s/ *Aliki Sofis*