## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DESKTOP METAL, INC., | ) | |
| | ) | |
| *Plaintiff and* | ) | |
| *Counterclaim Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARKFORGED, INC. AND MATIU | ) | **Civil Action No. 1:18-CV-10524-WGY** |
| PARANGI, | ) | |
| | ) | |
| *Defendants and* | ) | |
| *Counterclaim Plaintiff* | ) | **ORAL ARGUMENT REQUESTED** |
| *(Markforged, Inc.),* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO FULOP, JONAH MYERBERG, | ) | |
| BOSTON IMPACT LLC, and AMY BUNTEL, | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| | ) | |

## MARKFORGED, INC.'S MEMORANDUM OF LAW IN
## SUPPORT OF ITS MOTION TO STRIKE AND PRECLUDE
## <u>USE OF PLAINTIFF'S LATE DOCTRINE OF EQUIVALENTS THEORIES</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ...................................................................................................................1

STANDARD..........................................................................................................................4

ARGUMENT.........................................................................................................................4

I.      Dr.  Gall Proposed New Infringement Theories More Than A Month After The
        Court-Ordered Deadline............................................................................................4

II.     Desktop Metal's Untimely Infringement Theories Should Be Precluded Under
        Rule 37 Because The Delay Is Without Cause And Prejudicial To Markforged ...............5

CONCLUSION......................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Cases

*Rosario–Diaz v. Gonzalez*,
   140 F.3d 312 (1st Cir. 1998)...................................................................................................... 4

### Rules and Regulations

Fed. R. Civ. P. 16............................................................................................................................... 4

Fed. R. Civ. P. 37............................................................................................................................... 4

## PRELIMINARY STATEMENT

On April 19, 2018, the Court entered a Scheduling Order.  That order required Desktop

Metal to disclose its full infringement theory on April 20, and for Markforged to then serve non-

infringement contentions on April 30.  Desktop Metal served infringement contentions on April

20, but did not disclose any infringement theory under the doctrine of equivalents.  Instead

Desktop Metal offered legal boilerplate – a series of string cites to cases, with no limitation-by-

limitation analysis of equivalents.  On April 30 Markforged objected to this bare-bones and

conclusory reference to equivalents.  Desktop Metal did not seek leave to supplement its

contentions and provide any detail on its doctrine of equivalents theories.  Now, after the end of

fact discovery, Desktop Metal disclosed for the first time a new and detailed limitation-by-

limitation doctrine of equivalents analysis that was not disclosed on April 20.  Desktop Metal's

attempt to circumvent the Court's Scheduling Order should be rejected.  The Court should strike

Desktop Metal's untimely equivalence theories and hold Desktop Metal to the literal

infringement theories Desktop Metal actually disclosed in accordance with the Court's schedule.

## BACKGROUND

Desktop Metal commenced this action on March 19, 2018, 4 months after the patents-in-

suit issued.  Three weeks later, on April 6, Desktop Metal moved this Court for a Preliminary

Injunction.  In its moving brief Desktop Metal represented to the Court that it had done sufficient

analysis of its own patents and the accused product to conclude it had a "substantial likelihood"

of successfully showing that Markforged's accused products infringe its asserted patents.  (Dkt.

13 at 5-6.)

On April 12, the Court combined hearing on the request for Preliminary Injunction with

trial on the merits.  During that hearing the Court made it clear that the parties needed to work

cooperatively to move the case forward in order to work the case up for trial by July.  As a result,

1

the parties immediately met and conferred regarding a schedule.   Some dates the parties disagreed upon.   For example, the parties disagreed about when Desktop Metal should disclose its claim constructions.[1]   (Dkt. 37.)   In contrast, the parties agreed that Desktop Metal should fully disclose its infringement contentions by April 20.   (*Id*.)   The Court agreed and Ordered Desktop Metal to provide its infringement contentions by April 20.   (Dkt. 38.)

On April 20, Desktop Metal served its infringement contentions.   (Ex. A.)   Section I of that disclosure identified the claims Desktop Metal asserts Markforged infringed.   (*Id*. at 3.) Section II of that disclosure was entitled "Literal Infringement and Infringement Under The Doctrine of Equivalents."   (*Id*.)   In that section Desktop Metal stated that "Markforged's direct, literal  infringement of the '118 and '839 patents is detailed in the claim charts appended to this Disclosure…"   That Disclosure goes on to say "[t]o the extent Markforged contends that any claim limitation is not literally met, Desktop Metal contends that Markforged infringes each asserted claim and limitation thereof under the doctrine of equivalents."   (*Id*. at 3-4.)   Desktop Metal, however, provided absolutely no support for that blanket assertion and merely included similarly generic assertions in its infringement charts.   For each limitation where equivalents was alleged, Markforged offered the same rote citation to a legal standard – with no application of that legal standard to the facts:

> Markforged performs one or more steps that are insubstantially different from the claimed subject matter and/or performs substantially the same function in substantially the same way with substantially the same result (as illustrated by the exemplary evidence above). *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018) ("[A] product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'") (quoting and citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) and *Graver Tank & Mfg. Co. v. Linde*

---

[1] It is hard to understand how a party that had analyzed its own patents for months, and that had moved for a preliminary injunction, had any reservations about immediately and completely disclosing its claim constructions.  Regardless, the Court ordered Desktop Metal to make that disclosure no later than April 20.  (Dkt. 38.)

*Air Prods. Co.*, 339 U.S. 605, 609 (1950)); *see id.* ("'A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method.'") (quoting *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007)); *see also Ring & Pinion Serv. Inc. v. ARB Corp.*, 743 F.3d 831, 834 (Fed. Cir. 2014) ("It has long been clear that known interchangeability weighs in favor of finding infringement under the doctrine of equivalents.") (citing *Warner-Jenkinson*, 520 U.S. at 36).

(Ex. A, App'x A at 2.)

Markforged was surprised by Desktop Metal's apparently baseless assertion that Markforged infringed its asserted patents under the Doctrine of Equivalents after months of analysis and a motion for preliminary injunction. On April 30, Markforged promptly expressed its concern at Desktop Metal's clear and unauthorized attempt to preserve its ability later to advance an infringement theory upon which it bears the burden of proof. (Ex. B at 22-24.) Markforged noted that Desktop Metal's "generic recitation of the legal elements for the doctrine of equivalents does not meet Desktop Metal's burden" and that Desktop Metal's failure to provide any support for its assertion Markforged infringed under the doctrine of equivalents was inconsistent with the Court's Order that "Plaintiff should make its accusations clear at the outset." (*Id.*) Yet Desktop Metal did not amend or supplement. All through fact discovery, and long after Desktop Metal had Markforged's non-infringement contentions, Desktop Metal's contentions regarding the doctrine of equivalents remained the same. Desktop Metal stood silent as to the doctrine of equivalents for over a month while the parties engaged in discovery and took fact witness depositions.

All that changed after fact discovery ended. On May 29, Desktop Metal served the expert report of Dr. Kenneth Gall, which sets forth detailed and previously undisclosed theories regarding the doctrine of equivalents. (*See* Ex. C, Gall Report ¶¶ 253-59, 298-300, 332-37, 369, 411-17, 452-454, 474-79.) Where Desktop Metal's infringement contentions contained empty

legal boilerplate, Dr. Gall, provided new and detailed opinions based on Markforged's timely and detailed claim construction and noninfringement positions served April 30.   Although Desktop Metal purported to preserve an ability to supplement its infringement disclosures during fact discovery in light of Markforged's contentions (Ex. A at 2), it never did seek leave to supplement, apparently preferring to wait until after fact discovery closed to disclose its doctrine of equivalents theories.

## STANDARD

"[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."   Fed. R. Civ. P. 16(f).   Those orders include "prohibiting" a party from "introducing designated matters in evidence" that were disclosed in violation of a scheduling order.   Fed. R. Civ. P. 37(b)(2)(A)(ii).   Thus, "a litigant who ignores a case-management deadline does so at his peril."   *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998).

## ARGUMENT

Desktop Metal's May 29 expert disclosure violates this Court's Scheduling Order, to Markforged's prejudice, because Dr. Gall's opinion on the doctrine of equivalents is exactly the type of belated disclosure this Court's Scheduling Order was intended to prevent.   The Court should strike Desktop Metal's untimely doctrine of equivalents theories and preclude Desktop Metal from advancing those untimely theories at trial

## I.   Dr. Gall Proposed New Infringement Theories More Than A Month After The Court-Ordered Deadline

The Court's scheduling framework recognized Desktop Metal "has been developing its position on this case since November 2017, when the first patent-in-suit issued," that "Desktop Metal should promptly disclose its position on that issue" (Dkt. 38 at 4), and that "[t]his Court

should not permit sandbagging; Plaintiff should make its accusations clear at the outset." (*Id.* at 5.)  Yet Desktop Metal did not disclose any doctrine of equivalents analysis on April 20.  Instead it waited until May 29 for that disclosure.  This was the very sandbagging the Court's order did not permit.

If Desktop Metal wanted to accuse Markforged of infringement under the doctrine of equivalents, the deadline to do so and provide contentions supporting that assertion was April 20.  At the very least, Desktop Metal should have sought leave during fact discovery to amend its infringement disclosures if it believed discovery provided a basis to assert the doctrine of equivalents.  But Dr. Gall's expert report does not substantially rely on any newly discovered facts or testimony in support of his doctrine of equivalents opinions—it relies almost exclusively on Markforged's proposed claim constructions, which Markforged timely provided on April 30 per the Scheduling Order.  (Dkt. 38-1.)  For example, in paragraphs 253-259, Dr. Gall relies on Markforged's claim construction positions, the publicly available Markforged Design-to-Part Webinar, and one quote from the deposition testimony of Greg Mark, which he relies on for supposed confirmation of information Desktop Metal already asserted it had learned from that webinar.  (*See* Ex. C ¶ 259.)  Dr. Gall's DOE opinions in the full remainder of his report do not even cite to the factual record; they are based exclusively on Markforged's claim construction positions.  (Ex. C ¶¶ 298-300, 332-37, 369, 411-17, 452-54, 474-79.)

## II.     Desktop Metal's Untimely Infringement Theories Should Be Precluded Under Rule 37 Because The Delay Is Without Cause And Prejudicial To Markforged

No good cause or substantial justification exists for Desktop Metal's attempt to assert new substantive positions on the doctrine of equivalents at this late date.  To do so now, after fact discovery has closed, would prejudice Markforged's right and ability to prepare its defense. Desktop Metal should be limited to its disclosed literal infringement theories at trial.

## CONCLUSION

For the reasons stated above, Markforged respectfully requests that the Court issue an order striking Desktop Metal's untimely doctrine of equivalents theories and holding Desktop Metal to the literal infringement theories it disclosed to Markforged on April 20.

*Respectfully submitted,*

Dated: June 11, 2018

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff (BBO# 532880)
Patrick D. Curran (BBO# 568701)
Aliki Sofis (BBO# 675777)
Kaitlyn M. O'Connor (BBO# 687527)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
patrickcurran@quinnemanuel.com
alikisofis@quinnemanuel.com
kaitoconnor@quinnemanuel.com

Steven Cherny (*pro hac vice*)
James Baker (*pro hac vice*)
Elinor Sutton (*pro hac vice*)
Jeremy Baldoni (*pro hac vice*)
Brendan Carroll (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
stevencherny@quinnemanuel.com
jamesbaker@quinnemanuel.com
elinorsutton@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
brendancarroll@quinnemanuel.com

*Attorneys for Markforged, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above document was served upon attorneys of record on June 11, 2018.

/s/ *Aliki Sofis* _____