# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DESKTOP METAL, INC., <br> *Plaintiff and Counterclaim Defendant*, <br> v. <br> MARKFORGED, INC. AND MATIU PARANGI, <br> *Defendants and Counterclaim Plaintiff (Markforged, Inc.)*, <br> v. <br> RICARDO FULOP, JONAH MYERBERG, BOSTON IMPACT LLC, and AMY BUNTEL, <br> *Third-Party Defendants.* | **Civil Action No. 1:18-CV-10524-WGY** |

### MARKFORGED, INC.'S MOTION TO COMPEL DESKTOP METAL, INC. TO PRODUCE DOCUMENTS CONCERNING A THIRD PARTY

Defendant and Counterclaim Plaintiff Markforged, Inc. ("Markforged") hereby moves to compel Plaintiff and Counterclaim Defendant Desktop Metal, Inc. ("Desktop Metal") to produce certain communications and documents related to Höganäs AB ("Höganäs") and its subsidiary, Digital Metal AB ("Digital Metal"). Desktop Metal takes no position regarding the relevance of these materials. Desktop Metal has withheld such documents on the basis that an amended non-disclosure agreement between Desktop Metal and Höganäs on behalf of Digital Metal, dated May 4, 2017 (the "NDA") requires a court order compelling Desktop Metal to disclose

Höganäs/Digital Metal documents covered by the NDA if Höganäs/Digital Metal will not consent to such disclosure. Specifically, during the parties' May 30, 2018 meet and confer regarding this issue, Desktop Metal indicated that it would not oppose a motion to compel production of the withheld documents; Desktop Metal simply stated that the Court must compel production so that Desktop Metal would not be in violation of the NDA. Given Digital Metal's refusal to consent to such production, Desktop Metal explained that it could only produce the withheld documents pursuant to a Court order, as required under the NDA. Markforged thus makes this Motion.

The documents concerning Höganäs or Digital Metal that Desktop Metal is withholding pursuant to the NDA are directly relevant to the issues in this case. Additionally, the parties entered into a Stipulated Protective Order in this matter (ECF 92), which provides that a party may designate particularly sensitive material "Highly Confidential – Outside Counsel Only." Accordingly, there is no basis under the NDA for Höganäs, Digital Metal, or Desktop Metal to withhold relevant documents over concerns of preserving their confidentiality.

For these reasons and those set forth in the accompanying Memorandum, Markforged hereby moves to compel Desktop Metal to produce all documents concerning Höganäs or Digital Metal that are being withheld pursuant to the NDA.

*Respectfully submitted*,

Dated: June 5, 2018

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff (BBO# 532880)
Aliki Sofis (BBO# 675777)
Patrick D. Curran (BBO# 568701)
Kaitlyn M. O'Connor (BBO# 687527)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
patrickcurran@quinnemanuel.com
alikisofis@quinnemanuel.com
kaitoconnor@quinnemanuel.com

Steven Cherny (*pro hac vice*)
James Baker (*pro hac vice*)
Elinor Sutton (*pro hac vice*)
Jeremy Baldoni (*pro hac vice*)
Brendan Carroll (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
stevencherny@quinnemanuel.com
jamesbaker@quinnemanuel.com
elinorsutton@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
brendancarroll@quinnemanuel.com

*Attorneys for Markforged, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record on June 5, 2018.

/s/ *Aliki Sofis*

## **LOCAL RULE 7.1 CERTIFICATION**

I certify that Markforged, Inc. has complied with the provisions of Local Rule 7.1 by conferring with counsel for Desktop Metal on May 30, 2018.  Desktop Metal has stated that it does not oppose this Motion.

/s/ *Aliki Sofis*