## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DESKTOP METAL, INC., | ) | |
| | ) | |
| *Plaintiff and* | ) | |
| *Counterclaim Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARKFORGED, INC. AND MATIU | ) | Civil Action No. 1:18-CV-10524-WGY |
| PARANGI, | ) | |
| | ) | |
| *Defendants and* | ) | |
| *Counterclaim Plaintiff* | ) | |
| *(Markforged, Inc.),* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICARDO FULOP, JONAH MYERBERG, | ) | |
| BOSTON IMPACT LLC, and AMY BUNTEL, | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| | ) | |

## MARKFORGED, INC.'S OPPOSITION TO DESKTOP METAL, INC.'S EMERGENCY MOTION TO QUASH OR MODIFY THE TRIAL SUBPOENA TO MIKE GIBSON

Desktop Metal, Inc. ("Desktop Metal") contends that Markforged, Inc. ("Markforged") "never notified" Desktop Metal that Markforged would call Michael Gibson as a witness at trial. Not so.  Indeed, Desktop Metal has been on notice *for weeks* that Markforged may call Dr. Gibson as a witness because Markforged specifically identified Dr. Gibson as a witness in the parties' Joint Pretrial Memorandum, dated June 12, 2018.  (Dkt. No. 207 at 54.)  And unlike Desktop Metal, which only identified its witnesses as "Fact" or "Expert" witnesses, (*id.* at 51-53), Markforged went a step further, and provided Desktop Metal and this Court with the "purpose" of Dr. Gibson's

testimony: the patents-in-suit and affirmative defenses.  (*Id.* at 54.)  There was no "surprise" or "ambush" here.

Desktop Metal's argument that Markforged purportedly did not provide notice that Dr. Gibson would be called on the specific affirmative defense of "invalidity" carries no water.  The witnesses Markforged identified with respect to invalidity, including for example, Dr. Behrokh Khoshnevis, were identified as such because they would be testifying *only* with respect to invalidity.  In contrast, Dr. Gibson is listed as an inventor on the patents-in-suit and his testimony is relevant to those patents and Markforged's affirmative defenses, including—as Desktop Metal acknowledges—the affirmative defense of invalidity.  (Mem. at 3.)

Additionally, pursuant to the parties' Joint Notice of Agreed Trial Management Procedures, (Dkt. No. 339 ¶ 8), Markforged provided Desktop Metal with timely notice that it would call Dr. Gibson after Greg Mark's testimony.  (*See* Exhibit 1, Email from A. Sofis to Desktop Metal Counsel, July 10, 2018).  Despite Desktop Metal's contentions to the contrary, (Mot. at 3), Markforged notified Desktop Metal both about the "topics" of Dr. Gibson's testimony and the "order" in which he will be called.

Dr. Gibson is an employee of Desktop Metal.  (*See* Decl. of Michael Gibson in Further Support of Desktop Metal's Standing to Sue ¶ 1, July 10, 2018.)  He is controlled by Plaintiff.  And Desktop Metal is required to make him available.  Given that, a trial subpoena was not even necessary and Desktop Metal's motion should be denied.

Dated: July 10, 2018

/s/ *Harvey J. Wolkoff*

Harvey J. Wolkoff (BBO# 532880)
Patrick D. Curran (BBO# 568701)
Aliki Sofis (BBO# 675777)
Kaitlyn M. O'Connor (BBO# 687527)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
patrickcurran@quinnemanuel.com
alikisofis@quinnemanuel.com
kaitlynoconnor@quinnemanuel.com

Steven Cherny (*pro hac vice*)
Ed DeFranco (*pro hac vice*)
James Baker (*pro hac vice*)
Elinor Sutton (*pro hac vice*)
Jeremy Baldoni (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
stevencherny@quinnemanuel.com
eddefranco@quinnemanuel.com
jamesbaker@quinnemanuel.com
elinorsutton@quinnemanuel.com
jeremybaldoni@quinnemanuel.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record by email on July 10, 2018.

/s/ *Aliki Sofis*_____
Aliki Sofis