# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC., <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> MARKFORGED, INC. AND MATIU PARANGI, <br><br> *Defendants and Counterclaim Plaintiff (Markforged, Inc.)*, <br><br> v. <br><br> RICARDO FULOP, <br><br> *Third-Party Defendant.* | **Civil Action No. 1:18-CV-10524-WGY** |

**MARKFORGED, INC.'S OPPOSITION
TO PLAINTIFF AND COUNTERCLAIM DEFENDANT
DESKTOP METAL, INC.'S MOTION TO EXCLUDE
<u>THE OPINION TESTIMONY OF DR. JERRY A. HAUSMAN</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT...................................................................................................................................2

I.     Professor Hausman's Opinions Are Reliable and Admissible Under *Daubert* and Federal Rule 702. ...............................................................................................................2

II.    Professor Hausman's Opinions Are Admissible Under Rule 403's Balancing Test. ..........6

CONCLUSION................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Ambrosini v. Labarraque*,
   101 F.3d 129 (D.C. Cir. 1996) .................................................................................... 6

*Cummings v. Standard Register Co.*,
   265 F.3d 56 (1st Cir. 2001) ......................................................................................... 4

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ............................................................................................ 1, 2, 6

*Guzman-Fonadellas v. Hosp. Expanol Auxilio Mutuo*,
   308 F. Supp. 3d 604 (D. Puerto Rico 2018) ............................................................... 2

*Haemonetics Corp. v. Baxter Healthcare Corp.*,
   593 F. Supp. 2d 303 (D. Mass. 2009) ......................................................................... 7

*Packgen v. Berry Plastics Corp.*,
   847 F.3d 80 (1st Cir. 2017) ..................................................................................... 4, 6

*Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*,
   161 F.3d 77 (1st Cir. 1998) ......................................................................................... 2

*United States ex rel. Banigan v. Organon USA, Inc.*,
   2016 WL 6571269 (D. Mass. Jan. 20, 2016) .............................................................. 6

*United States v. Fernandez*,
   184 F. App'x 83 (2d Cir. 2006) ................................................................................... 6

*United States v. Williams*,
   865 F.3d 1328 (11th Cir. 2017) ................................................................................... 6

*WWP, Inc. v. Wounded Warriors Family Support, Inc.*,
   628 F.3d 1032 (8th Cir. 2011) ..................................................................................... 6

**Rules and Regulations**

Fed. R. Evid. 403 ............................................................................................................ 1, 6, 7

Fed. R. Evid. 702 ............................................................................................................ 1, 2, 6

Fed. R. Evid. 702(b) ............................................................................................................... 5

Fed. R. Evid. 702(c) ............................................................................................................... 5

**PRELIMINARY STATEMENT**

Desktop Metal, Inc. ("Desktop Metal") seeks to prevent a jury from hearing the testimony of Dr. Jeffrey A. Hausman, a highly regarded professor of economics at the Massachusetts Institute of Technology, with experience in the 3D-printing industry. Markforged, Inc. ("Markforged"), intends to call Professor Hausman to opine regarding the damages that Desktop Metal and its Founder and CEO, Ric Fulop, caused Markforged, due to their bad acts, unfair and deceptive conduct, and Fulop's breach of fiduciary duty. Desktop Metal does not question Professor Hausman's credentials or his ability to opine in this area; rather, they move to exclude his opinion testimony based on purported disagreements between Professor Hausman and Desktop Metal/Fulop and their opinion witness Dr. Vellturo. But resolving those disagreements is the purview of the jury, and Desktop Metal has not provided a basis to take that analysis away from the jury. Instead, Desktop Metal takes three swings at Professor Hausman's analysis, but they all miss:

First, Desktop Metal claims that Professor Hausman's damages assessment is invalid because it constitutes an assessment of *past* lost profits based on *future* valuations. That argument fails because it mischaracterizes Professor Hausman's report, which presents the $566 million figure as an assessment of Markforged's *future* lost profits, not *past* lost profits.

Second, Desktop Metal argues that Professor Hausman's analysis does not meet the reliability requirements of *Daubert* and Federal Rule of Evidence 702. That argument fails, too, because Professor Hausman's opinions are based upon his application of accepted economic principles to reliable data, including market-based valuations of the companies at issue.

Third, Desktop Metal asserts that Professor Hausman's testimony should be excluded under Federal Rule of Evidence 403 because its probative value is outweighed by unfair prejudice. To the contrary, admission of Professor Hausman's opinions will assist the jury, and

Desktop Metal has failed to identify any undue prejudice that such testimony might generate, let alone sufficient prejudice to "substantially" outweigh its probative value.

Desktop Metal's motion is without merit and should be denied.

## ARGUMENT

**I.   Professor Hausman's Opinions Are Reliable and Admissible Under *Daubert* and Federal Rule 702.**

Professor Hausman's opinions meet the threshold requirements for opinion testimony because they "rest on a reliable foundation and [are] relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *see Guzman-Fonadellas v. Hosp. Expanol Auxilio Mutuo*, 308 F. Supp. 3d 604, 609 (D. Puerto Rico 2018) ("Simplified, [under *Daubert* and Rule 702,] the Court must determine the evidence's relevance and reliability.").[1] Specifically, Professor Hausman's opinions regarding Markforged's future lost profits caused by Desktop Metal and Fulop's bad conduct are relevant because they "will assist the trier of fact to understand or determine a fact in issue," *i.e.*, damages related to Markforged's claims, including those regarding breach of fiduciary duty, unfair and deceptive business practices, unjust enrichment, and the theft of trade secrets. *Daubert*, 509 U.S. at 592-93; *see also id.* at 587 ("[Rule 702's] basic standard of relevance thus is a liberal one."). And his opinions are reliable because Professor Hausman reached them "in a scientifically sound and methodologically reliable fashion." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998) (explaining that the expert's proponent need not prove that the expert is correct, only that the process undergirding his conclusions is reliable).

---

[1] Desktop Metal has not challenged, and thus implicitly concedes, that Professor Hausman possesses sufficient "knowledge, skill, experience, training, or education" to opine on damages here. *See* Fed. R. Evid. 702.

Desktop Metal's argument that Professor Hausman's opinion is "improper" because it purportedly used "future business valuations [as] proxies for past lost profits" is incorrect, and should be rejected. (Desktop Metal Br. at 2 (formatting altered); *see id.* at 2-4.) Professor Hausman's $566 million damages figure is not an assessment of Markforged's *past* lost profits, as Desktop Metal now contends, but rather Markforged's *future* lost profits. Thus, Desktop Metal's claim that Professor Hausman used "a discredited damages theory" is without merit. (Desktop Metal Br. at 4.)[2]

Professor Hausman's manner of calculating the $566 million figure is sound, despite Desktop Metal's conclusory assertions to the contrary. (*See* Desktop Metal Br. at 4-8.) Indeed, Professor Hausman's analysis begins with the accepted economic principle that the "[t]he valuation of a firm reflects the discounted value of its *future* profits." (Exhibit A, Hausman Suppl. Report ¶ 20; *see also* n.39 (citing scholarly authority for this proposition) (emphasis added).) Employing that principle, Professor Hausman identified reliable, market valuations for both Desktop Metal and Markforged, which were generated by "sophisticated venture capital investors" and "reflect th[ose investors'] belief[s] about the *future profits* of the two firms." (*Id.* ¶ 20 (emphasis added).) These market-based valuations were $305 million for Markforged and $1 billion for Desktop Metal. (*Id.* ¶¶ 25-26.) Desktop Metal's Founder and CEO, Ric Fulop, and Co-Founder and Chief Technology Officer, Jonah Myerberg, confirmed that $1 billion

---

[2] Indeed, with respect to Desktop Metal's patent infringement case, Desktop Metal's own damages witness generated a damages figure based on an estimate of future lost profits, and vigorously resisted any suggestion that his approach involved speculation. (*See, e.g.*, Exhibit D, Vellturo Trial Tr. (July 25, 2018) at 26-28, 33-35 (explaining that his damages estimate is based in part on projected sales of consumables over a three to five year period in the future), and 41-47 (acknowledging that his damages range was based on "Desktop Metal's projection, not [his], of what a purported average customer would use" in terms of consumables, and defending his use of the company's "current *expected* revenues and *future expected* revenues" in tabulating damages) (emphasis added).

valuation.  (*See* Exhibit B, Fulop Dep. Tr. at 148:23-25 ("**Q:** And in your view[,] what's the value of Desktop Metal?  How much is it worth?  **A:** A little over a billion dollars"; Exhibit C, Myerberg Trial Tr. at 49:13-16 (July 9, 2018) ("**Q:** . . . the last valuation of Desktop Metal put its value at about a billion dollars, right?  **A:** That's approximately correct.").[3]  Professor Hausman then discounted from each company's aggregate valuation the percentage of future profits unrelated to the competing metal printers, and he did so based upon each party's projections concerning their own businesses.  (Exhibit A, Hausman Suppl. Report ¶¶ 25-28.)  That resulted in net valuations of $214 million for Markforged and $780 million for Desktop Metal.  (*Id.* ¶¶ 25, 27.)

Finally, he determined the present discounted value of Markforged's lost future profits by subtracting Markforged's present net valuation from Desktop Metal's, resulting in the $566 million damages figure.  Professor Hausman opined that this constitutes a fair and reasonable estimate of damages because, but for Desktop Metal's and Fulop's conduct, Markforged would have achieved this valuation based upon the "first mover advantage" that Desktop Metal improperly secured – *e.g.*, Desktop Metal was "first to market, first to venture funds, and first to the patent office[,] and thus more successful in raising money."  (*Id.* ¶¶ 21-22.)  As Professor Hausman explained, the first-mover advantage is not predicated on one single factor (Exhibit A,

---

[3]   Whether Professor Hausman could have considered a prior valuation of Desktop Metal, as opposed to the $1 billion valuation, goes to the weight, not the admissibility, of his testimony. *Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 86 (1st Cir. 2017) (recognizing that an expert is "not required to eliminate every other possible cause" for his methodology to be adequate); *see also Cummings v. Standard Register Co.*, 265 F.3d 56, 65 (1st Cir. 2001) (affirming admission of damages expert's testimony because, although "using [other] variables would have resulted in a lower, and perhaps more accurate, figure . . . whatever shortcomings existed in [the expert's] calculations went to the weight, not the admissibility, of the testimony."). If Desktop Metal and Fulop disagree with Professor Hausman's analysis, then the right way to proceed is for Desktop Metal and Fulop to cross examine Professor Hausman in an attempt to support their contrary view of the damages that resulted from their deceptive acts and breach of fiduciary duty.

Hausman Suppl. Rep. ¶ 10)—a view shared by Desktop Metal's own damages witness.  (*See, e.g.*, Exhibit E, Vellturo Report (May 29, 2018) ¶¶ 68-74 (opining that "Desktop Metal and Markforged are presently vying for" various "first-mover advantages," and discussing a number of ways in which Vellturo believes the two companies are competing against one another for that first mover status.)  Professor Hausman's conclusions are thus the "product of reliable principles and methods," (Fed. R. Evid. 702(c)), and are "based upon sufficient facts or data."  (Fed. R. Evid. 702(b)).

Professor Hausman further explained that, as a result of their bad acts, Desktop Metal and Fulop took that first mover advantage through several key steps, including by being first to the patent office, first to funding, and first to ship.  (*See, e.g.*, Exhibit A, Hausman Suppl. Rep. ¶¶ 8-9 (identifying dates for each company first filing its relevant patents and shipping relevant printers), 12-13 (regarding Fulop's solicitation of investors), 14 (regarding Fulop's solicitation of distributors), 22); *see also* Exhibit B, Fulop Dep. Tr. at 262:7-263:14 (testifying that Desktop Metal began to ship printers in December 2017, including a sale to Google for "[a]bout $120,000" at that time).[4]

Similarly meritless is Desktop Metal's and Fulop's argument that Professor Hausman's analysis should be excluded because it is "grade school arithmetic."  (Desktop Metal Br. at 4.) Professor Hausman is offered for his opinion as an economist, not as a mathematician, and his opinion relates to the identification of applicable economic principles and their proper application to the specific companies and facts at issue.  Desktop Metal and Fulop cannot

---

[4] As indicated in footnote 8 of Professor Hausman's Supplemental Report, Desktop Metal publicized this shipment in December 2017, via a press release.  (*See* Exhibit F, *PRESS RELEASE – Desktop Metal Begins Shipping to First Pioneer Customers*, DESKTOP METAL.COM, Dec. 17, 2017, available at https://www.desktopmetal.com/news/first-shipment (last visited September 3, 2018) ("Just eight months after its initial introduction, Desktop Metal today announced that it has begun shipping its metal 3D printer to early pioneer customers[.]").

credibly contend that Professor Hausman's opinion is limited to the resolution of arithmetic problems. And there is no "'implicit requirement in Fed. R. Evid. 702 for the proffered expert to make complicated mathematical calculations.'" *United States ex rel. Banigan v. Organon USA, Inc.*, 2016 WL 6571269, at *3 (D. Mass. Jan. 20, 2016) (quoting *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011)). The ability of an opinion expert to explain complex concepts using understandable tools is a virtue, not a basis for exclusion.

Desktop Metal also contends that Professor Hausman "fail[ed] to make any effort to consider" potential explanations for the companies' differing valuations other than Desktop Metal's bad acts. (Desktop Metal Br. at 5-6.) That is not so. Professor Hausman considered alternative possibilities in reaching his conclusion, including fundraising ability, but determined that they were less material to his opinion. (*See* Exhibit A, Hausman Suppl. Rep. ¶ 23.) In any event, that is not a *Daubert* issue. Damages witnesses are "not required to eliminate every other possible cause" when generating opinions, because such issues go to the weight, not the admissibility, of the expert's testimony. *Packgen*, 847 F.3d at 87 (citing, among others, *Ambrosini v. Labarraque*, 101 F.3d 129, 140 (D.C. Cir. 1996) ("The fact that several possible causes might remain 'uneliminated' . . . only goes to the accuracy of the conclusion, not the soundness of the methodology.")).

## II.  Professor Hausman's Opinions Are Admissible Under Rule 403's Balancing Test.

Under Rule 403, a court "should only exclude [expert] evidence 'if its probative value is *substantially* outweighed by the danger of unfair prejudice.'" *United States v. Fernandez*, 184 F. App'x 83, 85 (2d Cir. 2006) (quoting Fed. R. Evid. 403) (emphasis added); *see also United States v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017) ("Federal Rule of Evidence 403 requires a showing that the prejudicial effect of relevant evidence *substantially* outweighs its

6

probative value") (emphasis in original). Here, Professor Hausman's testimony will "help the jury determine lost profits and, in any event, any perceived flaws in his reasoning or calculations may be challenged through the normal adversary process." *Haemonetics Corp. v. Baxter Healthcare Corp.*, 593 F. Supp. 2d 303, 306 (D. Mass. 2009). Desktop Metal has failed to identify any undue prejudice that Professor Hausman's testimony might generate, let alone sufficient prejudice to "substantially" outweigh its probative value, as required. Accordingly, "the probative value of [Professor Hausman's] report and testimony outweigh any potential prejudice that may result," and there is no basis to exclude them under Rule 403. *Id.*

## **CONCLUSION**

For the foregoing reasons, the Court should deny Desktop Metal's Motion to Exclude.

*Respectfully submitted,*

Dated: September 5, 2018

/s/ *Harvey J. Wolkoff*
Harvey J. Wolkoff (BBO# 532880)
William Weinreb (BBO# 557826)
Patrick D. Curran (BBO# 568701)
Aliki Sofis (BBO# 675777)
Kaitlyn M. O'Connor (BBO# 687527)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
harveywolkoff@quinnemanuel.com
williamweinreb@quinnemanuel.com
patrickcurran@quinnemanuel.com
alikisofis@quinnemanuel.com
kaitoconnor@quinnemanuel.com

Steven Cherny (*pro hac vice*)
Ed DeFranco (*pro hac vice*)
James Baker (*pro hac vice*)
Elinor Sutton (*pro hac vice*)
Jeremy Baldoni (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
stevencherny@quinnemanuel.com
eddefranco@quinnemanuel.com
jamesbaker@quinnemanuel.com
elinorsutton@quinnemanuel.com
jeremybaldoni@quinnemanuel.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record on September 5, 2018.

*/s/ Aliki Sofis*
Aliki Sofis