UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESKTOP METAL, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>MARKFORGED, INC. AND MATIU PARANGI,<br><br>    Defendants and Counterclaim Plaintiff (Markforged, Inc.),<br><br>v.<br><br>RICARDO FULOP,<br><br>    Third-Party Defendant. | No. 1:18-cv-10524-WGY |

**MARKFORGED'S AND MATIU PARANGI'S OBJECTIONS TO
DESKTOP METAL'S AND RICARDO FULOP'S OPENING STATEMENT**

Yesterday, the parties exchanged demonstratives for opening statements pursuant to an agreement on trial procedures. As indicated in their demonstratives, Desktop Metal and Ricardo Fulop (together, "Desktop Metal") plan on arguing to the jury that Matiu Parangi and Markforged stole trade secret technology related to "ceramic interface layers" and confidential information that Desktop Metal does not identify and that is untethered to Desktop Metals' four surviving trade secrets.

The Court should preclude Desktop Metal from presenting these arguments. The jury found in the July trial that Markforged does not use Desktop Metal's ceramic interface layer technology, and, in any event, the Court has already dismissed Desktop Metal's purported trade secrets covering ceramic interface layers. Further, it would be improper to allow Desktop Metal

to argue to the jury that Markforged and Mr. Parangi stole confidential information generally without identifying the specific information at issue. Therefore, Desktop Metal's affirmative claims should be limited to its four surviving trade secrets.

> I.   **The Court Should Preclude Desktop Metal and Fulop From Arguing That Markforged Misappropriated Trade Secret Technology or Confidential Information Related to "Ceramic Interface Layers"**

Desktop Metal is trying to re-litigate the jury's verdict in the July trial related to ceramic interface layers. In slide 12 of its opening demonstratives, Desktop Metal states that "the evidence will show" that Matiu Parangi was exposed to "DM Trade Secrets" related to "information on use of ceramic interface layers in the 3D metal printing process." That is the very same subject matter that was litigated in July. Indeed, Desktop Metal's Complaint explains that its "ceramic interface technology" is covered by the patents that were at issue in the July trial. (*See*, *e.g.*, ¶ 34 ("the Patents-in-Suit . . . cover the Separable Support layer technology used in . . . the Studio System."); *see also id.* ¶¶ 21, 22, 48.) Desktop Metal sued Markforged for allegedly infringing those patents, and a jury returned a verdict in favor of Markforged, finding that Markforged does not use Desktop Metal's patented technology. Thus, the issue of whether Markforged stole or misused Desktop Metal's ceramic interface technology has already been litigated. Desktop Metal should not be allowed to re-litigate this issue at the September trial under the guise of Chapter 93A.

Desktop Metal and Fulop should also be precluded from arguing that Markforged stole technology related to "ceramic interface layers" because that is the same subject matter as Desktop Metal's alleged trade secret no. 6, which the Court struck. (June 13, 2018 Tr. 28:12-18.)

> II.  **The Court Should Preclude Desktop Metal and Mr. Fulop From Arguing That Matiu Parangi and Markforged Took Unidentified Confidential Information That Is Untethered to the Four Remaining Trade Secrets**

Desktop Metal's claims against Markforged and Mr. Parangi are fundamentally about trade secrets. *See, e.g.*, ECF No. 167 (denying Mr. Parangi's motion to dismiss the M.G.L. c. 93A claim

because "[t]he gravamen of the complaint against hi[m] is the theft of trade secrets"). The parties conducted discovery and prepared for trial consistent with that ruling. This Court instructed Desktop Metal to describe any alleged trade secrets at issue in the case "to the level of the exquisite detail of a patent claim." (Apr. 12, 2018 Hr'g Tr. at 11-12.) On May 25, 2018, Desktop Metal issued its First Supplemental Statement of Identification of Trade Secrets, which purported to identify a slew of alleged trade secrets, and appended certain documents that Mr. Parangi supposedly downloaded from Desktop Metal. The Court reviewed and considered Desktop Metal's submission, and limited Desktop Metal's case to only four alleged trade secrets: 1(a), 3(c), 5(b), and 7(c). (June 13, 2018 Hr'g Tr at 28.)

On the eve of trial, Desktop Metal proposes to undo that ruling and to broaden the scope of the trial. For example, on slide 12 of its demonstratives, Desktop Metal states that "the evidence will show" that Matiu Parangi was "Expos[ed] to DM Trade Secrets" concerning "**information** on material suppliers and manufacturing partners (vendors)," "**information and experimental results** with MIM "FFF," "**DM research** on use of microwave technology in sintering process" and "**information** on use of ceramic layers in the 3D metal printing process." Desktop Metal does not identify what the alleged "information," "experimental results" or "research" is, nor did they identify it in their Complaint or during discovery. Desktop Metal should not be allowed to present evidence on such a limitless theory. Desktop Metal's Complaint offers no guidance as to the specific confidential or proprietary information that Mr. Parangi purportedly conveyed to Markforged, beyond the bald contention that Mr. Parangi was exposed to a broad array of information during the course of his internship. (Compl. ¶ 63 (ECF No. 1).) Desktop Metal's fact witnesses offered no further clarification, repeatedly contending that Mr. Parangi had limitless access to *all* of Desktop Metal's confidential and proprietary information. (*See, e.g.*, Verminski

Tr. at 20:6-12, 39:9-40:4 (ECF No. 495-8).) Markforged has repeatedly asked Desktop Metal to identify with particularity exactly what Matiu Parangi allegedly stole and transmitted to Markforged, but Desktop Metal's answer has simply been "everything." That is not enough. Nor has Desktop Metal identified which of its confidential information Ryer, Inc. ("Ryer") purportedly transmitted to Markforged. Without having ever identified exactly what information is at issue, Desktop Metal should not be allowed to taint the jury with the argument that Mr. Parangi and Markforged generally stole "everything."

Desktop Metal's argument is especially troubling in light of the fact that Desktop Metal has never been able to adduce any specific evidence of information being conveyed by Mr. Parangi to Markforged. Indeed, both Markforged and Mr. Parangi issued interrogatories asking Desktop Metal, among other things, to identify in detail the alleged trade secrets and confidential information at issue; to describe all facts supporting Desktop Metal's contention that Mr. Parangi disclosed trade secrets to Markforged; to detail whether and how Mr. Parangi allegedly removed the alleged trade secrets; and to identify in detail the factual circumstances surrounding the alleged misappropriation. Desktop Metal responded by noting that "Mr. Parangi was exposed to a wide variety of Desktop Metal proprietary information and trade secrets on a daily basis by virtue of working at Desktop Metal and in close proximity with the engineers developing Desktop Metal's technology, as well as through his work as a print intern." (Pl.'s Objs. & Resps. to Def.'s First Set of Interrogatories at 4 (ECF No. 498-4).) All of its substantive interrogatory responses directly mirror Desktop Metal's First Supplemental Statement of Identification of Trade Secrets, and were issued before the Court's June 13, 2018 ruling limiting the scope of the remaining trade secrets.[1]

---

[1] Desktop Metal has not since offered any supplement more precisely describing the case it intends to present at trial.

4

Desktop Metal was unable to identify any evidence that Mr. Parangi conveyed information to his brother or anyone else, instead relying exclusively on the timing of Markforged's development of technology – just as it intends to do during its opening statement.  Desktop Metal never even mentioned Ryer in its interrogatory responses.

Without ever identifying the specific information that was allegedly stolen or adducing any evidence of actual theft of information or conveyance to Markforged, the Court should preclude Desktop Metal from presenting any argument or evidence to the jury beyond its four surviving trade secrets with respect to its affirmative claims against Markforged and Mr. Parangi.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude Desktop Metal from making any arguments about, or proffering any evidence of, Markforged's or Matiu Parangi's alleged theft, misappropriation, or misuse of Desktop Metal technology related to "ceramic interface layers" or purported confidential information that Desktop Metal did not identify during discovery and that is untethered to Desktop Metals' four surviving trade secrets.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 24, 2018 | /s/ *Harvey J. Wolkoff* |
|  | Harvey J. Wolkoff (BBO# 532880)<br>William Weinreb (BBO# 557826)<br>Patrick D. Curran (BBO# 568701)<br>Aliki Sofis (BBO# 675777)<br>Kaitlyn M. O'Connor (BBO# 687527)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, MA 02199<br>Tel: (617) 712-7100<br>harveywolkoff@quinnemanuel.com<br>williamweinreb@quinnemanuel.com<br>patrickcurran@quinnemanuel.com<br>alikisofis@quinnemanuel.com<br>kaitlynoconnor@quinnemanuel.com<br><br>Steven Cherny (*pro hac vice*)<br>Ed DeFranco (*pro hac vice*)<br>James Baker (*pro hac vice*)<br>Elinor Sutton (*pro hac vice*)<br>Brian F. Shaughnessy (*pro hac vice*)<br>Jeremy Baldoni (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>stevencherny@quinnemanuel.com<br>eddefranco@quinnemanuel.com<br>jamesbaker@quinnemanuel.com<br>elinorsutton@quinnemanuel.com<br>brianshaugnessy@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br><br>*Attorneys for Defendant and Counterclaim Plaintiff Markforged, Inc.* |

/s/ *Daniel V. Ward*

Daniel V. Ward (BBO# 667158)
Kathryn E. Caldwell (BBO# 682089)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
daniel.ward@ropesgray.com
kathryn.caldwell@roepsgray.com

*Attorneys for Matiu Parangi*

## LOCAL RULE 7.1 CERTIFICATION

I certify that Markforged, Inc. has complied with the provisions of Local Rule 7.1 by attempting to confer with counsel for Desktop Metal on or about September 23, 2018. Counsel for Desktop Metal did not respond, and therefore the parties were unable to agree with respect to the issues raised in the objection and require the Court's assistance to resolve the dispute.

/s/ *Aliki Sofis*
Aliki Sofis

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon attorneys of record by ECF on September 24, 2018.

/s/ *Aliki Sofis*
Aliki Sofis